**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Knauss,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Janice K. Brewer, Governor of the State of Arizona,<br><br>　　　　Defendant. | No. CV-10-2780-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss, (Doc. 4), and a Motion to Strike Plaintiff's Amended Complaint (Doc. 8), filed by Defendant Governor Janice K. Brewer ("Governor"). For the following reasons, the Court grants both the Motions.

## BACKGROUND

Plaintiff Herbert Knauss filed a Complaint asserting that Executive Order 2007-03 ("Order"), signed on January 8, 2007, by former Arizona Governor Janet Napolitano violated the Equal Protection Clause of the United States Constitution. (Doc. 1). Specifically, he challenges the constitutionality of a provision in the Order, which states:

> In compliance with requirements to be developed by ADEQ [Arizona Department of Environmental Quality] in consultation with the Arizona Department of Administration (ADOA), all State agencies shall cease the use of leaf blowers, gasoline-powered lawn movers and other pollution-causing landscape maintenance equipment on State property and at State facilities in Maricopa County, Pima County and Pinal County by June 30, 2007. Exec. Order No. 2007-03, ¶ 4.

Plaintiff believes that this provision should apply statewide to everyone or not at all. (Doc. 1). Defendant has filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 4). Defendant argues that Plaintiff's claims are barred by the Eleventh Amendment's immunization of non-consenting state officials from suits brought by citizens, and that Plaintiff has failed to state a claim upon which relief can be granted. (*Id.*).[1] Defendant also filed a Motion to Strike Plaintiff's Amended Complaint for failure to comport with Federal Rule of Civil Procedure 15(a).[2]

**DISCUSSION**

**I.    Legal Standard**

Defendant moves to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are

---

[1] Because Plaintiff's Complaint can be dismissed on a Rule 12(b)(6) basis, it is not necessary to discuss Defendant's Rule 12(b)(1) claim.

[2] Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . , whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED.R.CIV.P. 15(a). Plaintiff filed his amended complaint, (Doc. 7), more than 21 days after service of Defendant's Motion to Dismiss and without leave of the Court or consent by opposing counsel. Thus, the Court grants Defendant's Motion to Strike. (Doc. 8).

1  merely consistent with a defendant's liability, it stops short of the line between possibility
2  and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal
3  citations and quotation marks omitted). Finally, because Plaintiff is a pro se litigant, the
4  Court must hold his pleadings "to less stringent standards than formal pleadings drafted by
5  lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

6  When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll
7  allegations of material fact are taken as true and construed in the light most favorable to the
8  nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal
9  conclusions couched as factual allegations are not given a presumption of truthfulness, and
10 "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a
11 motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

12 **II.  Analysis**

13 Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,]
14 a plaintiff must show that the defendants acted with an intent or purpose to discriminate
15 against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152
16 F.3d 1193, 1194 (9th Cir. 1998). To demonstrate a suspect classification, "a plaintiff can
17 show that the law is applied in a discriminatory manner or imposes different burdens on
18 different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.
19 1995).

20 Here, Plaintiff's pleadings do not sufficiently allege facts demonstrating a suspect
21 classification in order to survive a Rule 12(b)(6) motion. Plaintiff does not allege that the
22 Executive Order burdens a fundamental right or targets a suspect class.[3] Plaintiff only asserts
23 that the Order protects the "State elected and employed." (Doc. 1, ¶ 4). He later posits, in his
24 Response to Defendant's Motion to Dismiss, that this was not a reasonable classification.

25

26  [3] When "a classification neither involv[es] fundamental rights nor proceed[s] along
27  suspect lines," the statute "is accorded a strong presumption of validity," *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993), and the Court will uphold the statute "so long as it bears a
28  rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996).

- 3 -

(Doc. 5). The classification asserted—state employees compared to everyone else—does not implicate a suspect class.

The United States Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. He has failed to allege that he was treated differently than similarly situated individuals and that there was no rational basis for treating him differently.

**CONCLUSION**

Because Plaintiff has not illustrated that the Executive Order involves a suspect classification or burdens a fundamental right, he has not posited a cognizable Equal Protection claim. Thus, Plaintiff fails to state a claim upon which relief can be granted, and the Court does not need to examine Defendant's Rule 12(b)(1) assertion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 25th day of March, 2011.

_A. Murray Snow_
G. Murray Snow
United States District Judge